```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/19/2023
```

| | |
|---|---|
| KENNETH SPENCER ALEXANDER,<br><br>    Plaintiff,<br><br> -against-<br><br>COMMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | 23-CV-6964 (AT) (BCM)<br><br>**MEMORANDUM AND ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

  For the reasons that follow, this action, which has been referred to me in accordance with 28 U.S.C. § 636(b)(1)(A) (Dkt. 7), will be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).

### Background

  Plaintiff Kenneth Spencer Alexander filed his *pro se* Complaint (Compl.) (Dkt. 1) on August 8, 2023, against the Commissioner of Social Security (Commissioner), alleging improper withholding of social security benefits. Plaintiff alleges that he was awarded supplemental security income (SSI) benefits in 2013, after which he moved to Jerusalem, Israel, where – through no fault of his own – he continued receiving SSI payments, even though the relevant regulations rendered him ineligible for such payments once he was out of the United States for 30 days. Compl. at 2, 4.[1] When the mistake was discovered in 2014 or 2015, the SSI payments were stopped; however, plaintiff quickly applied for and obtained "regular retirement benefits." *Id.* at 3, 5.

  Beginning in 2016, the Social Security Administration (SSA) made the first of many attempts to withhold plaintiff's retirement benefits "due to [the] alleged Overpayment" of disability benefits in previous years. Compl. at 3. Since then, plaintiff has filed "numerous requests for

---

[1] Because the complaint is internally unpaginated, references to "Compl. at __" are to the page numbers assigned by the ECF system.

waiver of overpayment recovery, request[s] for reconsideration, and request[s] for rate change; all to no avail." *Id.* at 3. Most recently, in 2023, after plaintiff appealed to the SSA's International Federal Benefits Unit (which is in Baltimore, Maryland, *see id.* at 1), "full retirement benefits were reinstated pending appeal." *Id.* at 3. However, according to plaintiff, "[n]ow it is happening all over again," that is, "benefits are again being withheld." *Id.* Plaintiff seeks an order directing the SSA to "cease and desist all collections related to the alleged overpayment and immediately deposit all benefits and monies collected to [plaintiff's] bank." *Id.* at 6.

On August 20, 2023, plaintiff filed an Amended Complaint as of right, alleging substantially the same facts, but adding that on August 15, 2023, he "called the 1800 US Social Security phone number to get an update on my benefits and was told, an August 10, 2023, letter provided that deductions for overpayment would stop and I would receive regular benefits; I was further advised that another letter dated a day later, August 11, 2023, reinstated the deductions." Am. Compl. (Dkt. 10) at 4. Plaintiff did not attach the August 10 letter, the August 11 letter, or any other ruling, determination, or correspondence from the SSA.[2]

On August 21, 2023, the Hon. Analisa Torres, United States District Judge, issued an Order (Aug. 21 Order) (Dkt. 9) directing plaintiff to file a further amended complaint to address two issues of concern: (1) venue, and (2) final agency action. As to venue, the Social Security Act (the Act), states that a complaint seeking judicial review of a final decision of the Commissioner must be brought in the judicial district "in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial

---

[2] The only document attached to the Complaint is a Request for Hearing by Administrative Law Judge, signed by plaintiff on August 1, 2023 – one week before he filed this action. Compl. at 7. The Request for Hearing does not specify any specific agency determination as to which plaintiff seeks to be heard. Rather, it states the SSA has "continually failed to decide, or otherwise issue a ruling as to the merits of ini[t]ial (numerou[]s) filings. Adm[]inistrative intervention is requ[ir]ed." *Id.*

district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). As to final agency action, the Act states that judicial review may only be had of "a final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." *Id.* Such review must be sought "within sixty days after the mailing to [the plaintiff] of notice of such decision." *Id.*

As the District Judge noted, plaintiff pleads that he resides in Jerusalem, Israel. Aug. 21 Order at 1. Consequently, she furnished him with a copy of the form complaint used in this district to seek judicial review of final decisions of the Commissioner (the SDNY Form Complaint), and directed to him "fill out paragraph number 2 explaining why this case is properly brought in the Southern District of New York," *id.* at 2, or, in the alternative, to "file his complaint in the United States District Court for the District of Columbia." *Id.* Judge Torres also noted that plaintiff "fail[ed] to identify or attach any final agency decision for review." *Id.* Consequently, she directed him to address this issue in his amended pleading and to attach documentation showing that he has exhausted his administrative remedies. *Id.* at 3.

On August 22, 2023, plaintiff filed his Second Amended Complaint (SAC) (Dkt. 11), once again giving an address in Jerusalem, Israel. The SAC does not utilize the SDNY Form Complaint. Instead, it states that this Court "has jurisdiction over this case because it involves issues that arise from the US Social Security Administration's International Benefits Unit based in Baltimore[,] Maryland, the office where the plaintiff conducts his business." SAC at 2. Plaintiff adds that the decision he seeks to challenge "was not by an Administrative Law Judge, but verbally, per an SSA representative on 08/15/2023, and pursuant to a 'Request for Reconsideration' SSA [form]. Due to problems receiving physical mail, I rely on electronic and verbal communication. Plaintiff has not taken this matter before an Administrative Law Judge." *Id.* Plaintiff then repeats the factual

3

allegations made in his prior complaints, and attaches a Jurisdictional Statement (Jur. St.) (Dkt. 11-1), confirming that he is "an Expatriate without permanent State citizenship." *Id.* at 2.

Pursuant to this Court's Standing Order M 10-468, the Commissioner's deadline for filing an answer or making a motion under Fed. R. Civ. P. 12 is October 10, 2023. (*See* Dkt. 4 at 1.) On September 13, 2023, the Commissioner filed a letter-application (Def. Ltr.) (Dkt. 19) asserting that the SAC "does not sufficiently address the jurisdictional issue of whether this Court is the proper venue for this action, given that Plaintiff resides in Israel." Def. Ltr. at 1. The Commissioner states that she intends to "move to transfer venue to the United States District Court for the District of Columbia" (if the Court does not transfer the case *sua sponte*), *id.*, proposes to file that motion on October 10, 2023, and requests that her time to respond to any "unresolved motions" be extended until "60 days after the last Rule 12 motion is resolved." *Id.* at 2.[3] Later that same day, plaintiff filed both a letter and a memorandum opposing any extension of the Commissioner's deadlines. (Dkts. 20, 21.)

## **Analysis**

It is now clear from the pleadings that venue is improper in this Court. Plaintiff affirmatively alleges that he resides in Israel, as an "Expatriate without permanent State citizenship." Jur. St. at 2. Consequently, pursuant to 42 U.S.C. § 405(g), this case must proceed, if at all, in the District of Columbia. *See Nunez v. Kijakazi*, 2023 WL 5348891, at *2 (S.D.N.Y. Aug. 21, 2023) ("Since this provision of the Social Security Act constitutes a waiver of sovereign immunity, its terms must be strictly construed, and the cited language makes clear that the procedural requirement governing venue is mandatory.") (quoting *Fields v. Astrue*, 2009 WL

---

[3] Plaintiff has made several "emergency motions for relief pending case conclusion," the most recent of which remains pending (Dkt. 17), as well as a motion for permission to participate in electronic case filing (ECF). (Dkt. 18). In his ECF motion, plaintiff lists an address in Brown Deer, Wisconsin. (*Id.*)

10712622, at *1 (S.D.N.Y. Dec. 3, 2009), *report and recommendation adopted*, 2009 WL 10712623 (S.D.N.Y. Dec. 21, 2009)).

Whether to dismiss an improperly venued case outright, or transfer it to a district where it "could have been brought," *see* 28 U.S.C. § 1406(a), is within the discretion of the court where the case was initially filed. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *United States ex rel. Donohue v. Carranza*, 585 F. Supp. 3d 383, 388 (S.D.N.Y. 2022). Because "[t]he purpose of 28 U.S.C. § 1406(a)'s transfer provision is to 'remove whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits,'" *Rolle v. Berkowitz*, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11, 2004) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)) (cleaned up), it is often more efficient to transfer the case than to dismiss it – particularly where, as here, there is only one district in which the case could have been brought. *See*, *e.g.*, *Nunez*, 2023 WL 5348891, at *2 (transferring action challenging disability denial to the Middle District of Pennsylvania because "Plaintiff resides in the City of Scranton in Lackawanna County, Pennsylvania"); *Adams v. Barnhart*, 2003 WL 21912543, at *1 (S.D.N.Y. Aug. 8, 2003) (transferring action challenging disability denial to the Eastern District of New York because "Adams resides in Queens").

"A court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte*," that is, without waiting for a formal motion seeking such relief. *Colacino v. Davis*, 2020 WL 4340730, at *1 (S.D.N.Y. July 28, 2020) (quoting *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006)). Moreover, transfer orders are non-dispositive and consequently are within the authority of a magistrate judge acting pursuant to 28 U.S.C. § 636(b)(1)(A). *Cruz v. Decker*, 2019 WL 4038555, at *2 (S.D.N.Y. Aug. 27, 2019); *Adams*, 2003 WL 21912543, at *1.

Because the plaintiff has conceded in his pleadings that he does not reside or have a principal place of business within any judicial district, this Court must either dismiss the present action or transfer it to the District of Columbia. In order to promote the "expeditious and orderly adjudication" of this case on the merits, *Rolle*, 2004 WL 287678, at *3, I have determined to transfer the case, and to do so *sua sponte*. The Commissioner's motion for a briefing schedule as to her proposed motion to transfer is therefore DENIED AS MOOT, as is plaintiff's motion for permission to participate in this Court's ECF system. Unless otherwise ordered by the transferee court, the Commissioner shall serve an answer or make a motion under Fed. R. Civ. P. 12 by **October 10, 2023**, or within fourteen days after the case is docketed in the District of Columbia, whichever is later. Unless otherwise ordered by the transferee court, the Commissioner shall respond to plaintiff's most recent "emergency motion for relief pending case conclusion" (Dkt. 17) by the same date.

## Conclusion

For the reasons set forth above, the Clerk of Court is respectfully directed to close the motions at Dkts. 18 and 19 and TRANSFER this action to the United States District Court for the District of Columbia.

Dated: New York, New York
       September 19, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**